Zimmerman and Williams, JJ.,
 

 dissenting. The divergence of opinion between the majority and minority can be made plain in a few words.
 

 The principal divergence is based upon the necessity or lack of necessity for information as to specific sales. The majority takes the view that the presumption as to taxability provided for in Section 5546-2, General Code, applies only when the Tax Commissioner has information as to such specific sales. The minority is of the opinion' that the presumption applies to all sales regardless of the specific amount of any sale or sales and therefore to the total amount of all sales. The part of Section 5546-2 covéring presumption read thus:
 

 “For the purpose of the proper administration of this act and to prevent the evasion of the tax hereby
 
 *111
 
 levied, it shall be presumed that all sales made in this state during the period defined in this section are subject to the tax hereby levied until the contrary is established. ’ ’
 

 The Tax Commissioner was not required to act upon the presumption alone but had before him uncontradicted evidence which showed that The Kroger Grocery & Baking Company and the Great Atlantic & Pacific Tea Company, operating chain store businesses in Ohio in the year 1935, had failed to pay tax upon retail sales in the- sum of approximately five hundred thousand dollars. Under Section 5546-9a, General Code, the Tax Commission had power to make an assessment against such companies “based upon any information within its possession or that shall come into its possession.” The Tax Commissioner as successor to the Tax Commission has like power.
 

 As applied to the specific facts -in the case at bar, it is the opinion of the minority that when the Tax Commissioner was confronted with uncontradicted proof that the taxpayers involved here had not paid their sales tax, it was the duty of such commissioner, acting
 
 ex parte,
 
 to make an assessment in accordance with evidence before him and notify the taxpayers. There is no question that the taxpayers could then appeal. . Section 5611, General Code, also gives to the state or a county the right of appeal from a decision of the Tax Commissioner favorable to the taxpayer. Such appeal may be taken “by the Director of Finance of the state of Ohio if the revenues affected by such decision. would accrue primarily to the state treasury; or by the county auditors of such counties, if any, to the undivided general tax funds of which the revenues affected by such decision would primarily accrue.” Due to the fact that the Tax Commissioner refused to make the
 
 ex parte
 
 assessment no hearing, has ever been had.
 

 
 *112
 
 The minority is in accord with the majority that under Section 5623, General Code, the wrong or erroneous advice of the Attorney General is not a defense to a mandamus proceeding brought to compel the tax commissioner to perform a duty which the law “specially enjoins” upon him-in his official capacity..
 

 Any other divergence of opinion between the majority and the minority is minor and not of controlling importance.
 

 In our opinion the judgment of the Court of Appeals should be affirmed.